# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA STANLEY-COOLAHAN,<br><br>Plaintiff,<br><br>v.<br><br>(1) JOHN DOE, an individual whose real Name and identity are unknown,<br>(2) WAL-MART, INC., d/b/a SAM'S CLUB,<br>And<br>(3) SAM'S EAST, INC., d/b/a SAM'S CLUB.<br><br>Defendants. | Case No.: CIV-20-1237-G |

## DEFENDANT'S SAM'S EAST, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant, Sam's East, Inc., pursuant to Fed.R.Civ.P 56 and LCvR 56.1, hereby submits this Motion for Partial Summary Judgment and Brief in Support concerning Plaintiff's claim for punitive damages in the above-styled matter. In support of this Motion for Partial Summary Judgment, Defendant Sam's hereby respectfully directs the Court to the following:

### STATEMENT OF UNDISPUTED, MATERIAL FACTS

Pursuant to Fed.R.Civ.P. 56(c)(1)(A) and (B) and LCvR 56.1(b) and (d), Defendant Sam's offers the following statement of undisputed, material facts ("UMF") in support of this Motion for Summary Judgment:

1. On October 19, 2020, Plaintiff filed the above-styled litigation after Plaintiff was

1

struck by a picnic table that was being repaired by one of Sam's employees. Plaintiff alleges that this incident caused her to suffer personal injury. (*See* Plaintiff's Petition, attached as Exhibit "1").

2. On June 27, 2019, Plaintiff was walking through the café area of Defendant's store when she was struck by a table that had fallen over while it was being repaired by one of Defendant's employees. (*See* Exhibit "1").

3. The Sam's Club employee, Steve Wilkins, is no longer a Sam's Club employee. However, Mr. Wilkins has given a deposition and provided the following testimony when speaking to counsel for Plaintiff:

    Q:  Mr. Wilkins, do you understand that by putting a table up on its side, you're creating a risk that it could tip over?

    A:  At the time, I didn't think they would tip over because I did it to other tables and with no incident.

    Q:  My question was, did you realize you were creating a risk that it could happen?

    A: No.

(*See* excerpt of deposition of Steve Wilkins attached as Exhibit "2" at 16:19-17:5)

    Q:  You feel bad about what happened, right?

    A: Yes.

    Q: You didn't mean for it to happen?

    A:  No, I didn't foresee it happening either.

    Q:  Had you foreseen it, you probably wouldn't have done it this way, right?

    A:  No, I would not have …

(*See* Exhibit "2" at 20:22-21:9)

    Q:  Had you done it other times prior to that as well?

    A:  That was the first time that I tipped the tables on their sides.

(*See* Exhibit "2" at 23:15-18)

4. Mr. Wilkins also offered the following testimony later in his deposition:

    Q:  When you first started the process of working on the table that you've now seen in the video, did you ever see the plaintiff in the area, Ms. Stanley?

    A:  See the what?

    Q: Did you ever see the plaintiff, Ms. Stanley-Coolahan, in the area?

    A: No.

    Q: Whenever you started that task of moving those tables onto their side, were you concerned that they were going to be flipping over?

    A:  No, because I dd more than one, that was probably the third – second or third one that I did without incident.

    Q:  If there had been some customers that you had seen in the area when you were doing this task, would you have done it that way?

    A: No.

(*See* Exhibit "2" at 27:18-28:6)

5. Plaintiff's Petition prayed for judgment against Defendant and included a request for punitive damages in excess of $75,000.00.  (*See* Exhibit "1").

## **INTRODUCTION**

On June 27, 2019, one of Defendant's employee associates, Steve Wilkins, was working on the café tables in Defendant's store when one of the tables fell over and struck Plaintiff on her left side.  Plaintiff alleges that she is entitled to an award of punitive damages because of this incident.  However, the testimony of Mr. Wilkins, who is no longer

a Sam's Club associate, demonstrates that Plaintiff is not entitled to an award of punitive damages as a matter of law. Historically, the awarding of punitive damages is meant to serve to punish and deter future similar egregious conduct. *Revilla v. Glanz*, 8 F.Supp. 3d 1336 (N.D. Okla. 2014). However, Plaintiff's alleged incident does not rise to the level of egregious conduct punishable by the imposition of punitive damages. As such, Defendant requests the Court to award summary judgment in favor of Defendant on Plaintiff's claimed related to punitive damages in the above-styled matter.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted). If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof

at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (*quoting* Fed. R. Civ. P. 56(e)). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id*. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A moving party may also prevail by demonstrating the other party's lack of evidence to support his or her claim. *Suture Express, Inc. v. Owens & Minor Distrib., Inc. et al.*, No. 12-2760-DDC-KGS, 2016 U.S. Dist. LEXIS 47421, *44 (D. Kan. April 7, 2016) (*citing Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010)).

Plaintiff cannot demonstrate a question of material fact exists regarding the imposition of punitive damages through admissible evidence such as affidavits, deposition transcripts, or specific exhibits (not mere allegations) and therefore, Sam's is entitled to have judgment entered in its favor on Plaintiff's claim of punitive damage.

## ARGUMENT AND AUTHORITY

### STANDARD FOR IMPOSITION OF PUNITIVE DAMAGES UNDER OKLAHOMA LAW

In Oklahoma, awards of punitive damages are controlled by statute. *Wilspec Techs., Inc. v. Duncan Holding Group Co.,* 2009 OK 12, ¶ 1 (Holding "Okla. Stat. tit. 23, § 9.1 (2001) is the statutory vehicle that governs all claims for punitive damages."). Furthermore, federal courts, sitting in diversity, are bound by state court decisions as well as state statutes. *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136 (1965). Considering the holding of the United States Supreme Court in *Hanna*, it is both necessary and proper for this Court to consider Oklahoma state court decisions and state statutes. Under 23 O.S. § 9.1, Oklahoma law sets forth two circumstances in which a jury may award punitive damages in a case:

1. Where a jury finds by clear and convincing evidence that the defendant… has been guilty of reckless disregard for the rights of others;

2. Where a jury finds by clear and convincing evidence that . . . the defendant has acted intentionally and with malice towards others . . .

23 O.S. § 9.1, §§ (B)(1), (C)(1), (D)(1). Thus the statute "permits recovery of punitive damages in cases where sufficiently egregious conduct is shown . . . ." *American Nat'l Bank & Trust Co,*, 1994 OK CIV APP 70, ¶ 16 (citing previous iteration of Oklahoma's punitive damages statute); *Estrada v. Port City Props.*, 2011 OK 30, ¶ 19. Punitive damage awards are allowed exclusively under 23 O.S. § 9.1, which "allows an award of punitive damages based upon several enumerated factors such as: the seriousness, profitability, duration, concealment, and awareness of the misconduct; and the attitude and financial condition" of the defendant. *Estrada* , 2011 OK 30, ¶ 19. Case law applying Oklahoma's punitive damage statute has found that in

Oklahoma, punitive damages "may be imposed only on a defendant who is shown to have acted with 'evil intent' or with 'such disregard of another's rights, as is deemed equivalent to such intent . . . ." *In re Manley*, 135 B.R. 137 (N.D. Okla. Bank. Ct. Jan. 3, 1992) (citing *Mitchell v. Ford Motor Credit Corp.*, 1984 OK 18, (Okla. 1984), *see also Therrien v. Target Corp.*, 617 F.3d 1242, 1259 (10th Cir. 2010) (citing *Badillo v. Mid Century Ins. Co.*, 2005 OK 48.  In this instance, trial court must determine as a matter of law whether the plaintiff has produced sufficient evidence that a reasonable jury could find that a defendant acted with reckless disregard before instructing the jury as to punitive damages." *Fulton v. Cutter Equip., LLC*, 2018 U.S. Dist. LEXIS 43994 (E.D. Okla. 2018) (internal citations omitted)

Therefore, to be subject to a punitive award for the lowest burden of reckless disregard, a defendant "must either be aware of, or culpably indifferent to, an unnecessary risk of injury" as "'[r]eckless disregard' is not to be confused with inadvertent conduct. *Thiry v. Armstrong World Indus.*, 1983 OK 28, ¶ 26. Summary judgment is also appropriate on punitive damages claims as "Nothing in the current statutory framework changes the trial court's responsibility to determine whether any competent evidence exists which would warrant submission the question of punitive damages to the jury." *Estrada*, 2011 OK 30, ¶ 20 (see also *Newsome v. Tull*, 2019 U.S. Dist. LEXIS 181920 (N.D. Okla. 2019)).

The Oklahoma Supreme Court has recognized "[e]xemplary damages are highly penal and punishment thereof should not be lightly imposed. *Slocum v. Phillips Petroleum Co.*, 1983 OK 112, ¶ 18 (Okla. 1983). The policy behind punitive awards is well-established. "[P]unitive punitive damages are imposed to benefit *society*. The plaintiff acts as a private attorney general to punish the culpable wrongdoer. . . ." *Thriy*, 1983 OK 28, ¶¶ 24 (emphasis original). "A party

7

asking for exemplary damages has only an incidental personal interest. His recovery is whole and complete with actual damages." *Slocum*, 1983 OK 112, ¶ 18.

### PLAINTIFF'S ALLEGED INCIDENT DOES NOT RISE TO THE LEVEL OF AWARDING PUNITIVE DAMAGES AND SUMMARY JUDGMENT IN FAVOR OF DEFENDANT IS WARRANTED AND APPROPRIATE

In the litigation before the Court, Plaintiff cannot demonstrate that any act or omission of Defendant was "in reckless disregard for the rights of others." 23 O.S. §9.1. Mr. Wilkins has testified that this was the first time that he had turned a café table on its side, he didn't foresee it falling over and he would have never turned the table on its side if there were customers in the area when he began the process. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and there must have been a high probability that the conduct would cause serious harm to another. *Black v. M&W Gear Co.*, 269 F.3d 1220, 1239-40 (10th Cir. 2001). According to Mr. Wilkins, Plaintiff was not in the area when he began to work on the subject café table. Furthermore, he did not foresee the table falling over because he had turned other café tables on their sides earlier and the tables had not fallen over. Thus, this incident does not satisfy the requirement that there was a high probability that the conduct would cause serious harm to Plaintiff. Thus, it is appropriate for the Court to award summary judgment to Defendant on Plaintiff's punitive damages claim.

The United States District Court for the Eastern District of Oklahoma in *Fulton v. Cutter Equip.*, LLC, 2018 U.S. Dist. LEXIS 43994 recently reviewed the standard for the imposition of punitive damages. The Court in *Fulton* held that:

Punitive damages may be assessed where oppressive intent can be inferred from

8

gross negligence. *Hinds v. Warrant Transport, Inc.*, 1994 OK CIV APP 52, 882 P.2d 1099, 1102 (Okla.Civ.App.1994). The mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence. *Id*. Only where there is evidence in the record supporting an inference of gross negligence or reckless disregard and/or indifference for the safety of others must the issue of punitive damages be submitted to the jury. *Id*.

Ultimately, Mr. Wilkins's deposition testimony concerning the alleged incident demonstrates that his actions do not rise to the level of gross negligence or reckless disregard and/or indifference for the safety of others. As set forth above, he did not observe any customers in the area when he decided to turn the café table over on its side. Furthermore, if he had observed customers in the area then he would not have turned the table over on its side to begin with even though he did not foresee the table falling over. The actions of Mr. Wilkins do not rise to the level of gross negligence or reckless disregard and Defendant is entitled to summary judgment on Plaintiff's claims of punitive damages.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests the Court grant Defendant summary judgment on Plaintiff's request for punitive damages in the above-styled matter. Defendant further requests for any other relief the Court deems just and proper.

          Respectfully submitted,

          */s/Michael W. Brewer*
          **MICHAEL W. BREWER, OBA # 11769**
          **JEFFREY D. SCOTT, OBA # 32115**
          **HILTGEN & BREWER, P.C.**
          9505 North Kelley Avenue
          Oklahoma City, OK 73131
          Telephone: (405) 605-9000
          Facsimile: (405) 605-9010
          **ATTORNEYS FOR DEFENDANT**
          **WAL-MART STORES EAST, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

**SIMONE FULMER, OBA #17037**
**HARRISON C. LUJAN, OBA #30154**
**JACOB L. ROWE, OBA #21797**
**ANDREW R. RUST, OBA #30422**
**CHAD W. P. KELLIHER, OBA #30607**
**PEYTON S. HOWELL, OBA #33917**
**FULMER SILL, PLLC**
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone: 405-510-0077
Fax: 800-978-1345
Email: sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com
ckelliher@fulmersill.com
phowell@fulmersill.com
**ATTORNEYS FOR PLAINTIFF**

          */s/Michael W. Brewer*
          **MICHAEL W. BREWER**