IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

ANGELA STANLEY-COOLAHAN, )
)
Plaintiff, )
)
vs. )            Case No.: CJ-2020-976
)
(1) JOHN DOE, an individual whose real )
Name and identity are unknown, )            STATE OF OKLAHOMA⎱ S.S.
(2) WAL-MART, INC., d/b/a SAM'S CLUB, )            CLEVELAND COUNTY⎰
And )                **FILED**
(3) SAM'S EAST, INC., d/b/a SAM'S CLUB )
)            OCT 19 2020
Defendants. )

**PETITION**                    In the office of the
                    Court Clerk MARILYN WILLIAMS

COMES NOW the Plaintiff, Angela Stanley-Coolahan, and for her cause of action against

the Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club and Sam's East, Inc., d/b/a Sam's Club

East, d/b/a Sam's Club, alleges and states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff Angela Stanley-Coolahan is a citizen of the State of Oklahoma and

resident of Grady County.

2.      Upon information and belief Defendant John Doe (an individual whose real name

and identity are presently unknown) is a citizen of the State of Oklahoma and resident of Cleveland

County.

3.      Defendant Wal-Mart, Inc., d/b/a Sam's Club (hereinafter referred to as "Sam's

Club") is a Delaware corporation authorized to do business in the State of Oklahoma, with its

registered agent for service of process in the State of Oklahoma being: The Corporation Company,

120 North Robinson, Suite 735, Oklahoma City, Oklahoma 73102.

EXHIBIT 1

1

4.      Defendant Sam's East, Inc. d/b/a Sam's Club (hereinafter referred to as "Sam's Club") is a Delaware corporation authorized to do business in the State of Oklahoma, with its registered agent for service of process in the State of Oklahoma being: The Corporation Company, 120 North Robinson, Suite 735, Oklahoma City, Oklahoma 73102.

5.      The events that give rise to this lawsuit occurred in Norman, Cleveland County, State of Oklahoma.

6.      The District Court in and for Cleveland County has jurisdiction over the parties under 12 O.S. §§ 137 and 187.

**Facts**

7.      On or about June 27, 2019, at approximately 5:00 p.m., Plaintiff was a business invitee and lawfully upon the premises of Defendants' "Sam's Club" Store No. 4761 located at or near 3400 W. Main Street in Norman, Oklahoma to shop with her husband.

8.      At the same time Defendant Doe, a "Sam's Club" employee, was repairing a heavy metal and fiberglass table in the food court area of this particular "Sam's Club" location. The employee had moved the table from its ordinary position and positioned the table on one end in an upright manner, so that it extended vertically towards the ceiling.

9.      As Plaintiff was walking through the food court, Defendant Doe caused the table to fall over and strike Plaintiff on her left side with enough force to knock her over and into another nearby table.

10.     Almost immediately thereafter, Plaintiff was overcome with pain in her left ribs, mid-section, and right shoulder. Plaintiff was then transported to the emergency room at Norman Regional Hospital for her injuries.

11.     Over the following weeks, Plaintiff's condition failed to improve and she was forced to seek further treatment for her persistent right shoulder pain.

12.     On August 14, 2019, Plaintiff presented to Dr. Michael Padilla and a non-contrast MRI was performed which revealed partial-thickness tearing of her rotator cuff and a superior labral tear from anterior to posterior. Dr. Padilla recommended that Plaintiff undergo arthroscopic surgery.

13.     On October 7, 2019, Plaintiff presented to Physicians Surgical Center and surgery was performed on her right shoulder, which involved the permanent placement of a 7 x 19.1 mm SwiveLock Tenodesis suture anchor.

14.     Post-operatively, Plaintiff was required to wear an L3960 Shoulder Cradle for six (6) weeks.

15.     From October 21, 2019 to March 19, 2020, Plaintiff underwent a lengthy and complicated course of physical therapy to restore function to her surgically repaired right shoulder.

16.     On March 19, 2020, Dr. Padilla released Plaintiff from medical care and noted the need for Plaintiff to continue at-home exercises to restore her range of motion and strength.

17.     Unfortunately, however, Plaintiff continues to experience significant pain in her right shoulder, which is exacerbated when Plaintiff moves her right arm. Plaintiff anticipates that she will require further medical care and treatment in the future as a result of the injuries she suffered as a result of the incident.

## CAUSE OF ACTION – NEGLIGENCE

18.     That Defendants "Sam's Club" owed a duty to either remove or warn of dangerous conditions on the premises.

19.     That in the exercise of ordinary care Defendants "Sam's Club" knew or should have known of the presence of the upright table, which constituted a dangerous condition.

20.     That Defendants "Sam's Club" failed to either remove or warn of the dangerous condition presented by the upright table and/or the warnings were inadequate.

21.     That Defendants "Sam's Club" failure to maintain its premises in a safe condition resulted in Plaintiff's injuries and damages.

22.     That Defendant Doe owed a duty to exercise ordinary care in the performance of his job and specifically in repair of the heavy metal and fiberglass table at issue.

23.     That Defendant Doe, in the exercise of ordinary care, knew or should have known the manner and location in which he was repairing the table presented an unreasonable risk of harm to guests upon the premises.

24.     That the failure of Defendants Doe to exercise ordinary care in the repair of the subject table resulted in Plaintiff's injuries and damages.

25.     That pursuant to the doctrine of respondeat superior Defendants "Sam's Club" are strictly liable for the negligence of their employee, Defendant Doe, committed within the course and scope of his employment.

26.     Prior to said incident, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages for which she is entitled to recover.

27.     Pursuant to the provisions of 12 O.S. §3226 Plaintiff submits her preliminary computation of damages sought in this lawsuit.  As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 4.1.  Under item (I), Plaintiff's lost earnings suffered to date are unknown.  Under item (K),

4

Plaintiff's medical expenses incurred to date total $48,367.00. Plaintiff anticipates she may receive medical treatment for her injuries and continue to incur medical expenses for the foreseeable future. The estimated amount of necessary future medical expenses is presently unknown. These items are among the elements for the jury to consider in determining the amount of damages to award Plaintiff. Other than the amounts which Plaintiff has specifically identified, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

    A.    Plaintiff's physical pain and suffering, past and future;

    B.    Plaintiff's mental pain and suffering, past and future;

    C.    Plaintiff's age;

    D.    Plaintiff's physical condition immediately before and after the accident;

    E.    The nature and extent of Plaintiff's injuries;

    F.    Whether the injuries are permanent;

    G.    The physical impairment;

    H.    The disfigurement;

    I.    Loss of earnings;

    J.    Impairment of earning capacity; and

    K.    The reasonable expenses of the necessary medical care, treatment and services, past and future

**WHEREFORE** Plaintiffs prays for judgment against the Defendants in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages in excess of $75,000.00, together with interest, costs and any and all further relief to which she may be entitled in law and equity.

Respectfully submitted,

Simone Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
Chad W. P. Kelliher, OBA #30607
Peyton S. Howell, OBA #33917
FULMER SILL PLLC
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK  73103
Phone: (405) 510-0077
Fax:  (800) 978-1345
Email:  sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com
ckelliher@fulmersill.com
phowell@fulmersill.com
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**